UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| C. DOE, a minor, by and through her Guardian ad Litem, MIRIAM GAST, <br><br> Plaintiff, <br><br> v. <br><br> JAMES GAST, et al., <br><br> Defendants. | Case No. 3:15-cv-02225-LB <br><br> **AMENDED** <br> **ORDER GRANTING PLAINTIFF'S MOTION TO APPROVE AND FUND MINOR'S SETTLEMENT** <br><br> Re: ECF No. 48 |

## INTRODUCTION

The plaintiff C. Doe, a minor, through her guardian ad litem, Miriam Gast, sued the defendant James Gast for sexual battery and intentional infliction of emotional distress and the defendant Thea Gast for negligence and negligent infliction of emotional distress. (Complaint, ECF No. 1.[1]) The parties settled this action according to the terms of the Settlement Agreement & Release. (Settlement Agreement & Release, ECF No. 48-4.) The plaintiff now asks the court to approve the settlement. (Motion, ECF No. 48.) The court finds the settlement terms to be fair and reasonable in light of the facts of the case, the plaintiff's claims, and recoveries in similar cases, and therefore grants the plaintiff's motion.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated pages numbers at the tops of documents.
ORDER (No. 3:15-cv-02225-LB)

# STATEMENT

According to the complaint, the plaintiff's paternal grandfather sexually assaulted her on June 20, 2014. (Complaint, ¶ 7.) The state of California charged him with lewd and lascivious acts with a child under 14, annoying/molesting a child under 18, and battery. (Motion at 3.) He pled guilty to battery in violation of Penal Code § 242 and was ordered to register as a sex offender. (Id.) "As a result of the assault and battery, [C. Doe] will require the care of physicians and therapists over her lifetime." (Id. At 6.)

C. Dow, through her guardian ad litem and mother, Miriam Gast, sued James Gast for sexual assault and battery and intentional infliction of emotional distress. (Complaint at 3,5.) C. Doe also sued Thea Gast, her grandmother, for negligence and negligent infliction of emotional distress. (Id. At 4, 6.) The parties agreed to settle the case. (Minute Entry, ECF No. 43.) Under the terms of the Settlement Agreement & Release, the defendants will pay to C. Doe $700,000. (Motion at 7-8; Settlement Agreement & Release, Section 2.1.) $175,000 of Attorneys' fees and $36,746 of expenses will be paid out of the settlement amount. (Id.; Settlement Agreement & Release, Section 2.1.) The remaining $488,254 will fund a structured settlement annuity for the benefit of the plaintiff. (Id. At 8; Settlement Agreement & Release, Section 2.1.) Pursuant to Section 2.2 of the Settlement Agreement & Release per the attached structured settlement, exhibit A, the following periodic payments will be made from the settlement annuity:

- $1,000 per month for a guaranteed three years for monthly therapy;
- $8,428 guaranteed lump sum payment payable at age 18;
- $7,500 per year for a guaranteed five years starting at age 18; and
- $1,906 per month for life guaranteed 20 years starting at age 21.

# ANALYSIS

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard to interests of litigants who are minors." Robidoux V. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.'" Id. (quoting Fed. R. Civ. P. 17(c)). "In the context of

ORDER (No. 3:15-cv-02225-LB)

proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

As the Ninth Circuit has recently made clear, in cases involving the settlement of a minor's federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1181-82 (citing *Dacanay*, 573 F.2d at 1078).

Here, the total settlement is $700,000. The fees are the statutory 25 percent ($175,000). After payment of the fees and costs (totaling $211,746), the remaining balance of $488,254.00 will be paid to C. Doe through the structured settlement outlined above. Papers submitted in support of the motion to approve the settlement include psychiatric and psychological evaluations, a life care plan, an itemized list of the litigation expenses, and the structured settlement annuity. Based on its review of the entire case, the court finds the settlement to be fair and reasonable in light of the facts of the case, the claims, and outcomes in other cases. The court also finds the settlement to be in the best interest of all parties.

## CONCLUSION

The court grants the plaintiff's Motion to Approve and Fund Minor's Settlement. The court directs the parties to file, by April 14, 2016, either: 1) a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii); or 2) a joint status update explaining why a stipulated dismissal has not yet been filed.

This disposes of ECF No. 48.

IT IS SO ORDERED.

Dated: March 16, 2016

_____
LAUREL BEELER
United States Magistrate Judge

**EXHIBIT A**



# COURT'S ATTACHMENT
---
# STRUCTURED SETTLEMENT EXHIBIT
for
## C. DOE
*(REVISED AS OF 02-03-16)*

The Court so orders that $488,254.00 be used to purchase a structured settlement annuity, in which Prudential Assigned Settlement Services Corporation (PASSCORP.) will provide for the following Periodic Payments to be made by The Prudential Insurance Company of America, an A+ XV by A.M. Best. The details of the periodic payments of which will be set forth below. All sums constitute damages on account of personal physical injuries arising from an occurrence within the meaning of Section 104(a)(2) of the Internal Revenue Code.

The periodic payment schedule for C. DOE (DOB: 10-20-01) is as follows:

MONTHLY INCOME – PAYABLE TO MIRIAM GAST FOR
THE BENEFIT OF C. DOE (SEE SAR)
Monthly Therapy
$1,000.00 per month guaranteed 3 years
starting on 4/18/2016

GUARANTEED LUMP SUM – PAYABLE TO C. DOE (SEE SAR)
$8,428.43 payable at Age 18 on 10/20/2019

ANNUAL PAYMENTS – PAYABLE TO C. DOE (SEE SAR)
$7,500.00 per year guaranteed 5 years
starting at Age 18 on 10/20/2019

MONTHLY INCOME – PAYABLE TO C. DOE (SEE SAR)
$1,906.94 per month for Life guaranteed 20 years
starting at Age 21 on 10/20/2022.

*(The above periodic payments have a present value of $488,254.00)*

**FUNDING INSTRUCTIONS:**
Premium:                $488,254.00
Check Payable To:       PRUDENTIAL ASSIGNED SETTLEMENT
                        SERVICES CORPORATION ("PASSCORP")
PASSCORP's Tax ID#:     22-3444614

Send Check To:          Saphyna S. Delgado
                        Ringler Associates
                        151 Kalmus Drive, Suite C140
                        Costa Mesa, CA 92626

Payee acknowledges and agrees that the Defendant(s) and/or the PAYOR may make a "qualified assignment", within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's and/or the PAYOR's liability to make the Periodic Payments required herein. Any such assignment, if made, shall be accepted by the Payee without right of rejection

and shall completely release and discharge the Defendant(s) and the PAYOR from such obligations hereunder as are assigned PRUDENTIAL ASSIGNED SETTTLEMENT SERVICES CORPORATION ("PASSCORP") (hereinafter "Assignee"). The Payee recognizes that, in the event of such an assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments assigned, and that all other releases that pertain to the liability of the Defendant(s) and the PAYOR shall thereupon become final, irrevocable and absolute.

If the liability to make the periodic payments is assigned by way of a "qualified assignment."

- A) Periodic payments from the Assignee cannot be accelerated, deferred, increased or decreased by Payee;

- B) The Assignee does not provide to the Payee rights against the Assignee greater than those of a general creditor;

- C) The Assignee's obligation for payment of the periodic payments is no greater than the obligation of the person or entity originally liable (whether by suit or agreement) for payment and from whom the obligation was assigned.

The sole obligor of the Periodic payments, whether it is the Defendant(s), the PAYOR, and/or the Assignee, reserves the right to fund the liability to make the Periodic Payments by purchasing an annuity through THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Annuity Issuer"). The Defendant(s), the PAYOR, or in the event of an assignment the Assignee, shall be the sole owner of the annuity and have all rights in it. Said owner of the annuity may have THE PRUDENTIAL INSURANCE COMPANY OF AMERICA mail payments direct to the Payee. Payee shall be responsible for maintaining a current mailing address for Payee with THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

The obligation of the Defendant(s), the PAYOR, or in the event of an assignment, the obligation of its Assignee, to make each Periodic Payment shall be discharged upon the mailing of a valid check in the amount of such payment as stated herein to the designated address of the Payee. If the Payee or Beneficiary notifies the Assignee that any such check or electronic funds transfer was not received, the Assignee shall direct the Annuity Issuer to initiate a stop payment action and, upon confirmation that such check was not previously negotiated or electronic funds transfer deposited, shall have the Annuity Issuer process a replacement payment.

Any payments to be made after the death of any Payee pursuant to the terms of this Agreement shall be made to such person or entity as shall be designated in writing by Claimant, upon reaching the age of majority, to the Insurer's Assignee. If no person or entity is so designated by Claimant, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Insurer or the Insurer's Assignee. The designation must be in a form acceptable to the Insurer's Assignee before such payments are made.

COURT'S ATTACHMENT – STRUCTURED SETTLEMENT EXHIBIT
for <u>C. DOE – REVISED AS 02-03-16</u>